IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE TAYLOR, | |
| **Plaintiff,** | Civil Action No. |
| vs. | 12-cv-07177-JD |
| VAN RU CREDIT CORPORATION, | |
| **Defendant.** | |

## DEFENDANT VAN RU CREDIT CORPORATION'S
## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

AND NOW, comes Defendant, Van Ru Credit Corporation ("Van Ru"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., and in answer to the Complaint of Plaintiff, Claudette Taylor ("Plaintiff"), Van Ru avers as follows:

### I.   ANSWER TO INTRODUCTION

1.   Admitted in part and denied in part.  Van Ru admits that Plaintiff brings this action seeking damages under the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq*.  Van Ru denies violating the FDCPA and leaves Plaintiff to her burden of proof.

### II.   ANSWER TO JURISDICTION

2.   Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Van Ru refers questions of law to the Court.

### III.   ANSWER TO PARTIES

3.   Admitted in part and denied in part.  Van Ru admits that Plaintiff is a natural person, and, upon information and belief, that Plaintiff resides in Philadelphia, Pennsylvania.  The remaining allegations in this paragraph consist of

1

conclusions of law and are denied as such.  Van Ru refers questions of law to the Court.

4.     Admitted in part and denied in part.  Van Ru admits that it is a business that, at times, engages in the collection of debts due to another.  Van Ru admits that it utilizes the mail and the telephone in the course of its efforts to recover on debt obligations owed to third parties. Van Ru denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

### IV.     ANSWER TO FACTUAL ALLEGATIONS

5.     Admitted in part and denied in part.  Van Ru admits that in May of 2012, Van Ru began its efforts to recover on Plaintiff's delinquent debt obligation owed to AmeriCredit in an amount exceeding $7,200.  Van Ru further admits that attempted to contact Plaintiff periodically via telephone calls in connection with her delinquent debt obligation until October of 2012.  Van Ru denies the remaining allegations in this paragraph.

6.     Admitted in part and denied in part.  Van Ru admits that it began its attempts to contact Plaintiff in May of 2012 in connection with her delinquent debt. Van Ru denies the remaining allegations in this paragraph.

7.     Admitted in part and denied in part.  Van Ru admits it called the two numbers set out in this paragraph.  Unless otherwise admitted, Van Ru denies the allegations in this paragraph.

8.     Admitted.  Van Ru admits that its records do not reflect that Plaintiff provided consent to call her at her place of employment and further admits that the FDCPA does not require such consent.

9.     Admitted in part and denied in part.  Van Ru admits that its records reflect that it made attempts to contact Plaintiff by telephone in connection with her delinquent debt obligation.  Van Ru further admits that its records reflect that, on occassion, Van Ru attempted to contact Plaintiff more than one per day.  Unless otherwise admitted, Van Ru denies the allegations in this paragraph and leaves Plaintiff to her proofs.

10.    Denied.  Van Ru denies that its conduct could reasonably or rationally be construed as violating the FDCPA and by way of further response:

10. a)  Van Ru denies that it cause Plaintiff's telephone number to ring in rapid succession or repeatedly and denies that it engaged in any conduct with the intent to harass, annoy or abuse Plaintiff.  Van Ru denies violating 15 U.S.C. §1692d(5) of the FDCPA.  A factual basis for these conclusory allegations is demanded of Plaintiff.

10. b) Van Ru denies that it attempted to communicate with Plaintiff at a time or place where Van Ru knew or should have known that such efforts would be inconvenient for Plaintiff.    Van Ru denies violating 15 U.S.C. §1692c(a)(1) of the FDCPA.  A factual basis for these conclusory allegations is demanded of Plaintiff.

10. c) Van Ru denies engaging in any conduct for which the natural consequence is abusing or harassing Plaintiff.  Van Ru denies violating 15 U.S.C. §1692d of the FDCPA.  A factual basis for these conclusory allegations is demanded of Plaintiff.

11.    Denied.   Van Ru denies violating the FDCPA.  Further, Van Ru denies that its lawful conduct was a proximate or direct cause of any purported harm claimed by Plaintiff, including hurt feelings, humiliation, embarrassment, mental anguish or emotion distress.   Van Ru denies that it is liable to Plaintiff and denies

that Plaintiff presents a credible FDCPA claim or that she is entitled to actual or statutory damages or reasonable attorney's fees or cost, unless Plaintiff is deemed a prevailing party in this action.  A factual basis for violative conduct by Van Ru and for the alleged harms complained of by Plaintiff arising from the conduct of Van Ru is demanded of Plaintiff, as well as the methodology utilized by Plaintiff in assessing such damages.

## ANSWER TO COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, ET. SEQ.

12.    No response is necessary to this paragraph as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of Van Ru, Van Ru incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 11 as though fully set forth herein.

## ANSWER TO PRAYER FOR RELIEF

WHEREFORE, Defendant, Van Ru Credit Corporation denies violating the FDCPA and denies that plaintiff is entitled to actual damages, statutory damages or reasonable attorneys' fees and costs under the FDPCA.  Van Ru respectfully requests this Honorable Court deems this Answer proper and dismisses Plaintiff's Complaint while granting any and all other relief as the Court deems just and equitable.

## ANSWER TO JURY DEMAND

Admitted in part and denied in part.  Van Ru admits that Plaintiff seeks a trial by jury.  Van Ru denies that Plaintiff has a right to a jury trial in the absence of any viable claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state claims pursuant to the FDCPA against Van Ru.

### SECOND AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead a violation of the FDCPA, her entitlement to statutory damages is capped at $1,000 per action.  See Goodmann v. People's Bank, et al, 2006 U.S. App LEXIS 31555 (3rd Cir. Dec. 21, 2006); Brown v. Law Offices of Butterfield, 2004 U.S. Dist. LEXIS 9822, *16 n8, Civil Action No. 03-CV-05850 (ED Pa., May 24, 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005) Mann v. Acclaim Fin. Servs., 348 F. Supp. 2d 923, 926 (SD. Ohio 2004); and see Ganske v. Checkrite, Ltd., 1997 U.S. Dist. LEXIS 4345, 12-13 (D. Wis. 1997): Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647, 650-51 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561, 1563 (11th Cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188, 191 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); Beattie v. D.M. Collections, Inc., 764 F. Supp. 925, 928 (D.Del. 1991); Harvey v. United Adjusters, 509 F. Supp. 1218, 1222 (D.Or. 1981).

### THIRD AFFIRMATIVE DEFENSE

Even if Van Ru violated the FDCPA, which is denied, Plaintiff has not incurred any actual damages as a result of the alleged conduct of Van Ru, which allegedly consisted of directing telephone calls to telephone numbers associated with Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Van Ru, or for whom Van Ru is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has incurred any actual damages, Van Ru is entitled to a set-off of those actual damages because Plaintiff has asserted substantially identical claims, during the same time period, against Enhanced Recovery Company, LLC. See Claudette Taylor v. Enhanced Recovery Complaint, LLC, USDC ED PA, Civil Action Number 2:12-cv-07174-WY (FDCPA claims arising from calls from another debt collector, occurring during the same time period, to the same numbers concerning a different debt obligation).

## SIXTH AFFIRMATIVE DEFENSE

A debt collector does not need consent to call a debtor at her place of employment and Plaintiff offers no viable basis to claim a violation under 15 U.S.C. §1692c(a)(1) of the FDCPA, as Van Ru did not know and should not have known that its efforts to contact Plaintiff were inconvenient to Plaintiff:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt : (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

15 U.S.C. §1692c(a)(1). Therefore, Plaintiff's claims under 15 U.S.C. §1692c(a)(1) should be dismissed or withdrawn.

6

## SEVENTH AFFIRMATIVE DEFENSE

To assert a viable claim under 15 U.S.C. §1692d(5) of the FDCPA, Plaintiff must show actionable harassment or annoyance not merely premised on the volume of calls made, but also on the pattern of the calls.  See Shand-Pistilli v. Prof'l Account Servs., Inc., No. 10-1808, 2010 U.S. Dist. LEXIS 75056, 2010 WL 2978029, at *4 (E.D. Pa. July 26, 2010) (O'Neill, J.) (holding that where a plaintiff alleged "continuous calls" to her home by a telephone number owned by defendant, **and asked the defendant to stop calling her**, the Court found the allegations factually sufficient to support a plausible claim for relief under § 1692d(5)); see also Stuart v. AR Res., Inc., No. 10-3520, 2011 U.S. Dist. LEXIS 27025, 2011 WL 904167, at *3 (E.D. Pa. Mar. 16, 2011) (Buckwalter, J.) (holding allegations of repeated calls, **profane language**, and **refusal to comply with requests to stop calling** were sufficient to state a claim under § 1692d(5)).  As Van Ru did not engage in a pattern of calls reflecting an intent to harass or annoy Plaintiff, Plaintiff's 15 U.S.C. §1692d(5) claim should be dismissed or withdrawn.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff asserts a wholly redundant claim under 15 U.S.C. §1692d that was previously set out in 15 U.S.C. §1692d(5).   Therefore, this redundant claim should be dismissed or withdrawn.

**WHEREFORE**, Defendant Van Ru Credit Corporation respectfully requests that this Answer be deemed good and sufficient, that Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, that pursuant to federal law, and that Plaintiff be ordered to pay reasonable attorney's fees and costs incurred by Van Ru.

**MARSHALL DENNEHEY WARNER,
COLEMAN & GOGGIN, P.C.**

By:    /s/ Andrew M. Schwartz_____
Andrew M. Schwartz
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2765 / (215) 575-0856 (f)
Amschwartz@mdwcg.com
Attorneys for Defendant Van Ru Credit
Corporation

Dated:  February 7, 2013